**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONARD DAVID RODRIGUEZ,<br><br>              Plaintiff,<br><br>     v.<br><br>TAYLOR HART et al.,<br><br>             Defendants. | Case No. EDCV 19-0187-AB (JPR)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On January 30, 2019, Plaintiff, an inmate at the West Valley Detention Center in Rancho Cucamonga proceeding pro se, filed a civil-rights action under 42 U.S.C. § 1983. He was subsequently granted leave to proceed in forma pauperis. His claims arise from a November 2018 incident in which three law-enforcement officers allegedly used excessive force against him.

After screening the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that its allegations fail to state a claim upon which relief might be granted. Because it appears that at least some of the defects can be cured by amendment, the Complaint is dismissed with leave to amend. See Lopez v. Smith,

203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured).  If Plaintiff desires to pursue any of his claims, he is ORDERED to file a first amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

## ALLEGATIONS OF THE COMPLAINT

On November 9, 2018, Plaintiff "was attacked from the back" by Defendant Andrew Hackett, who is apparently a "deputy/police officer" in Fontana.  (Compl. at 3, 5.)  Defendant Hackett allegedly delivered "3 knee strikes to [Plaintiff's] rib area" and "another knee strike to [his] torso area."  (Id. at 5.)  Defendant Joshua Patty, also evidently a "deputy/police officer" in Fontana (id. at 3), "admit[]s [that] he delivered a kick with his right leg that missed and struck the left side of [Plaintiff's] face," then "struck [Plaintiff] 2 more time[]s with [a] closed fist to the side of [his] face" (id. at 5).  Defendant Fontana "deputy/police officer" Taylor Hart (id. at 3) "admit[]s in his report that he performed a knee strike to [Plaintiff's] back then approximately 3 punches to [his] rib and back area."  (Id. at 5.)  "In all of the reports no one ever state[s]" that Plaintiff "thr[ew] a blow."  (Id.)  Plaintiff has not attached copies of any reports.

Plaintiff does not allege where the incident allegedly occurred, why the officers were there, or what he was doing before the officers supposedly attacked him.  (See generally id. at 5-6.)  He does not specifically allege that he never assaulted any officer, nor does he allege that he refrained from engaging

2

in any other conduct that might have provoked their actions. (See id.)

"San Bernardino County jail officer[]s[,] street deputie[]s and sheriff[]s have no regard[] for abiding [by] the law," he alleges. (Id. at 6.) "They are under investigation by the fed[]s for wrongful death[]s as well as numerous account[]s of deputy misconduct." (Id.) He asserts that Defendants "have a use of force policy" but that "it bec[ame] excessive." (Id. at 5.)

Plaintiff "suffered multiple injuries," including "cut[]s, bruises, abrasion[]s, nerve damage [and] trauma." (Id.) After "surgery on [his] left wrist" he "will be disabled." (Id. at 6.) He has not alleged the nature or extent of his expected disability or who gave him that prognosis. (See id.) He is "physically and mentally traumatized for life" because of the officers' conduct. (Id.)

Plaintiff brings claims for excessive force on an Eighth Amendment theory.[1] (See id. at 3, 5.) He sues Defendants in their individual and official capacities. (Id. at 3.) He seeks payment of his medical bills, $500,000 in damages for "mental anguish," and $500,000 as "physical damages for [his] injuries,

---

[1] The Eighth Amendment applies to convicted prisoners. See Whitley v. Albers, 475 U.S. 312, 318 (1986) (Eighth Amendment's Cruel and Unusual Punishment Clause applies only after conviction). As discussed more fully below, it is not clear whether Plaintiff was a convicted prisoner at any relevant time; if not, he cannot proceed on an Eighth Amendment theory. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983) ("Because there had been no formal adjudication of guilt against [plaintiff] . . . the Eighth Amendment has no application.").

for a total of $1 million.[2]  (Id. at 6.)  He also seeks a "restraining order against all deputies named" in the Complaint.  (Id.)

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v.

---

[2] Plaintiff's handwritten numeral for how many millions of dollars he seeks appears to be a "1" but may have been intended as a "4."  (See Compl. at 6.)

4

Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); Byrd v. Phx. Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).

**DISCUSSION**

**I. The Complaint Does Not State Any Excessive-Force Claim**

Plaintiff sues for excessive force under the Eighth Amendment. (See Compl. at 3, 5.) That provision applies to claims brought by convicted prisoners. See Graham v. Connor, 490 U.S. 386, 394 (1989). Section 1983 claims arising from allegedly excessive force during the "arrest, investigatory stop, or other 'seizure' of a free citizen" are governed by the Fourth Amendment. Id. at 395. Pretrial detainees are protected from excessive force by the 14th Amendment's guarantee of substantive due process. See id. at 395 n.10; see also Bell v. Wolfish, 441 U.S. 520, 535 (1979). The standards are not identical. See Graham, 490 U.S. at 393 ("We reject th[e] notion that all excessive force claims brought under § 1983 are governed by a single generic standard.").

Under the Fourth Amendment, the officers' actions must be "'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citation omitted); see also Byrd, 885

5

F.3d at 642. Under the 14th Amendment, a plaintiff must show that the force used was objectively unreasonable under the circumstances and that it was not "rationally related to a legitimate nonpunitive governmental purpose" or was "excessive in relation to that purpose." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) (citing Bell, 441 U.S. at 561). To state a claim for excessive force under the Eighth Amendment, a plaintiff must allege that the defendants used force "maliciously and sadistically for the very purpose of causing harm" and not in "a good faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citations omitted); see also Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam). The defendants need not have "derived pleasure from acts of extreme cruelty" to satisfy the first part of the test. Hoard v. Hartman, 904 F.3d 780, 790 (9th Cir. 2018).

The San Bernardino County inmate-locator website shows that Plaintiff was arrested on November 9, 2018, the day of the incident alleged in the Complaint, in "Nogales/Northam"[3] for carjacking and possession of a firearm by a felon, among other offenses; he is currently awaiting trial on those charges. See

---

[3] There are apparently no cities named Nogales or Northam in California. See Google, https://www.google.com (searches for "Nogales, California" and "Northam, California" yielding no cities by either name) (last visited Feb. 15, 2019). But there is a school by each name in La Puente, California. See id.; https://www.nogaleshs.org/apps/maps (contact information for high school providing address) (last visited Feb. 15, 2019); https://www.northamschool.org/apps/maps (contact information for elementary school providing address) (last visited Feb. 15, 2019). La Puente is in Los Angeles County. See Cnty. of L.A., Cities [W]ithin the County of Los Angeles, http://file.lacounty.gov/SDSInter/lac/1043530_09-10CitiesAlpha.pdf (last visited Feb. 15, 2019).

6

Cnty. of San Bernardino Inmate Locator, http://web.sbcounty.gov/
sheriff/bookingsearch/bookingsearch.aspx (search for booking
number 1811341135, which Plaintiff supplied in Complaint) (last
visited Feb. 15, 2019); see also City of Sausalito v. O'Neill,
386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (court may "take judicial
notice of a record of a state agency not subject to reasonable
dispute").  He was also apparently "[s]entenced" for a parole or
probation violation at an unspecified time after his arrest.  See
Cnty. of San Bernardino Inmate Locator, http://web.sbcounty.gov/
sheriff/bookingsearch/bookingsearch.aspx (search for booking
number 1811341135) (last visited Feb. 15, 2019).  Further, the
West Covina Police Department has two holds on him based on
outstanding warrants for Vehicle Code and other offenses.  See
id.

In light of that information, and because Plaintiff has not alleged where the attack occurred, whether he had already been arrested when it happened, what he was doing immediately before it, or why and under what circumstances he encountered Defendants, it is not possible for the Court to determine the appropriate legal standard for assessing his Complaint.[4]

---

[4] The Complaint's brief, vague, and conclusory allegations are also insufficient for the Court to determine whether any jurisdictional or procedural bar may apply to Plaintiff's claims. He is warned that under Wallace v. Kato, 549 U.S. 384, 393-94 (2007), the Court may stay any claim impugning the validity of his November 9, 2018 arrest until the pending criminal charges against him arising from it have been resolved, and under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), if judgment in his favor would necessarily imply the invalidity of a criminal conviction or sentence, the claim must be dismissed unless he can demonstrate that the conviction or sentence has already been invalidated. Heck's favorable-termination rule applies to prison disciplinary

Regardless, it does not state an excessive-force claim under even the most generous of the three possible legal standards, that provided by the Fourth Amendment.

Plaintiff alleges that Defendants kicked and punched him and struck him in the back with their knees. (Compl. at 5.) Although those allegations appear sufficiently specific to show that force was used and Plaintiff alleges it to have been excessive, see Byrd, 885 F.3d at 643 (allegation that officers "beat the crap out of plaintiff" sufficient to allege force was excessive), unlike the plaintiff in Byrd, he has not alleged any "facts and circumstances confronting" the officers that would allow the Court to determine whether the alleged force was reasonable. Cf. id. at 642 (plaintiff alleged that officers pulled him over for missing bicycle light despite his being on private property, not engaged in criminal activity, not on probation or parole, and without any outstanding warrants for his arrest); see also Graham, 490 U.S. at 396 (factors to be considered in Fourth Amendment excessive-force claims include "severity of the crime at issue, whether the suspect poses an immediate [safety] threat . . . , and whether he is actively resisting arrest or attempting to evade [it] by flight"). The Complaint alleges no facts as to any of those factors, and his claim therefore fails for that reason, among others.

---

proceedings involving loss of good-time credits. See Edwards v. Balisok, 520 U.S. 641, 645-46 (1997). If Plaintiff chooses to pursue his claims in an amended pleading, he should allege specific facts showing whether these doctrines apply to him.

Should Plaintiff decide to pursue an excessive-force claim in an amended pleading, he must allege specific facts showing which legal standard applies to that claim, why the force used was excessive under the circumstances, and, to the extent the Eighth Amendment provides the applicable legal standard, that Defendants acted with a sufficiently culpable mental state. See Kingsley, 135 S. Ct. at 2473; Hudson, 503 U.S. at 6; Graham, 490 U.S. at 396.

## II. The Complaint Does Not Comply With Federal Rule of Civil Procedure 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and alteration omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See id. at 555 n.3. To comply with Rule 8, a complaint must allege sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," and it "must plausibly suggest an entitlement to relief, such that it is not unfair" to subject the opposing party "to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see also Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (Rule 8 requires that complaint provide "minimum threshold" giving defendant "notice of what it is that it allegedly did wrong").

Although it appears that all Defendants are sued on the same

legal theory arising from a single incident in which they jointly participated (see Compl. at 5), Plaintiff does not specifically allege as much; even if he had, as discussed above, the Complaint's sparse factual allegations are insufficient to determine what legal standard applies to their alleged conduct, thereby making it difficult for them to defend themselves effectively in either an individual or official capacity. See Starr, 652 F.3d at 1216.

Further, Plaintiff's official-capacity claims fall especially short of the Rule 8 standard because his allegations are vague and inconsistent as to what entity employed each Defendant. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original). A municipality or local-government entity may be held liable under § 1983 only for injuries arising from official policy or longstanding custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978).

Plaintiff sues all three Defendants in their official as well as individual capacity and appears to base those claims on alleged policies and practices of the San Bernardino County Sheriff's Department. (See Compl. at 3, 6.) But he also alleges that each Defendant is a "deputy/police officer" (id. at 3), apparently with the Fontana Police Department (id. at 2-3), and still later implies that Defendants may have been "San Bernardino

10

County jail officers," "street deputies," or "sheriff[]s" (id. at 6).[5] The San Bernardino County Sheriff's Department is generally a separately suable entity from San Bernardino County, see Streit v. Cnty. of L.A., 236 F.3d 552, 567 (9th Cir. 2001); San Bernardino's county jail facilities may not be separately sued, see Webster-Bey v. San Bernardino Cnty. Sheriff's Dep't, No. CV 10-1681-VBF (MAN)., 2010 WL 5088807, at *4 (C.D. Cal. Dec. 8, 2010); and Fontana's city police department is not the same legal entity as either the County or its sheriff's department, see Cal. Gov't Code §§ 945 ("[a] public entity may sue or be sued"), 811.2 ("public entity" defined to include "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the state"); Streit, 236 F.3d at 565 (citing Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986), and Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 n.2 (9th Cir. 1988) (California police departments are independently suable public entities)).

Plaintiff's official-capacity claims therefore fail to give adequate notice of which municipal or local-government entity or entities he wishes to sue under which legal theory based on what conduct by which employees. Accordingly, they do not meet Rule 8's notice-pleading requirements and are subject to dismissal for that reason alone. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (noncompliance with Rule 8 is independent basis for

---

[5] Further complicating matters is that Plaintiff appears to have been arrested in Los Angeles County, as noted supra in note 3.

11

dismissal even when complaint not otherwise "wholly without merit").

If Plaintiff decides to pursue his claims in an amended pleading, he must allege specific facts showing what conduct by each Defendant he contends was unlawful and under which legal theory. If he chooses to pursue any official-capacity claim, he must also clearly state which entity each named Defendant worked for and allege that some policy, custom, or practice of that entity proximately caused the constitutional deprivations he claims to have suffered.[6] See Monell, 436 U.S. at 694.

**III. The Complaint Does Not Comply with Federal Rule of Civil Procedure 10(a)**

Rule 10(a) of the Federal Rules of Civil Procedure requires that the "title of the complaint must name all the parties." Plaintiff drafted the Complaint on the Central District's standard civil-rights complaint form and left blank the spaces for "Plaintiff" and "Defendant(s)." (See Compl. at 1.) In any amended complaint he chooses to file, Plaintiff must list his own name and the names of all the Defendants in the proper spaces in the caption or the amended complaint will be subject to dismissal on that basis alone. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (as amended).

********************

If Plaintiff desires to pursue his claims, he is ORDERED to file a first amended complaint within 28 days of the date of this

---

[6] The Complaint appears to allege the opposite — that Defendants were acting contrary to an applicable "use of force policy." (Compl. at 5.)

12

order, remedying the deficiencies discussed above.  The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself, without reference to the original Complaint or any of its attachments.  **Plaintiff is warned that if he fails to timely file a sufficient FAC, the Court may dismiss this action on the grounds set forth above or for failure to diligently prosecute.**[7]

DATED: February 19, 2019

*(signature)*
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[7] If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of the order. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015) ("When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge.").