**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONARD DAVID RODRIGUEZ, | Case No. EDCV 19-0187-AB (JPR) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| TAYLOR HART et al., | |
| Defendants. | |

On January 30, 2019, Plaintiff, who was then housed at the West Valley Detention Center in Rancho Cucamonga, filed a civil-rights action under 42 U.S.C. § 1983.[1] He was subsequently granted leave to proceed in forma pauperis. His claims arise from a November 2018 incident in which Fontana police officers allegedly used excessive force against him.

---

[1] It is unclear whether Plaintiff was a pretrial detainee or postconviction inmate. He now is an inmate at North Kern State Prison. (See ECF No. 7); see also Cal. Dep't of Corr. Inmate Locator, http://inmatelocator.cdcr.ca.gov/search.aspx (search for booking number BJ0852, which Plaintiff supplied in his Notice of Change of Address, revealing projected parole date) (last visited May 14, 2019).

1

After screening the Complaint, the Court identified numerous deficiencies, including failure to plead facts sufficient for it to determine whether Plaintiff was pursuing excessive-force claims under the Fourth, Eighth, or 14th amendment or to put Defendants on fair notice of the charges against them.  The Court dismissed the Complaint with leave to amend so that he could attempt to cure the deficiencies.

Plaintiff filed the First Amended Complaint on March 18, 2019, and the Court again reviewed it under 28 U.S.C. §§ 1915(e)(2) and 1915A.  The FAC still fails to state a claim because it does not describe each Defendant's involvement in the alleged constitutional deprivation or identify the Fontana Police Department custom, policy, or practice that allegedly caused Plaintiff's injuries.  Accordingly, the FAC is dismissed with leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured).  If Plaintiff desires to pursue any of his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

**ALLEGATIONS OF THE FAC**

On November 9, 2018, in La Puente, unidentified Fontana police officers pulled a car over in which Plaintiff was a passenger.  (FAC at 8-9.)  He "got scared" when he saw officers approaching the car with their guns drawn and got out of the car with his hands up, screaming that he didn't "want any problems."  (Id. at 9.)  He then "proceeded to jump a fence away from the

officers." (Id.)  After he jumped a "second block wall," the officers caught up with him and ordered him to "get on the ground." (Id.)  He attempted to comply "at once" but was "tackled from behind" and then attacked with "punches, kicks, and knees to various parts of [his] body." (Id.)  "[N]ot once did [he] show any aggression towards the officers nor did [he] attempt to attack any officer at any time during the arrest." (Id.)  Unlike in the original Complaint, Plaintiff does not identify which officer allegedly did what.

Plaintiff sues four Fontana police officers by name in their individual and official capacities, the Fontana Police Department in its official capacity (id. at 3-5), and unidentified "Supervising Officers" in their official capacity, seeking to recover $1.5 million for excessive-force claims "through the 4th Amendment . . . the 14th Amendment and also the 8th Amendment" because he "believe[s] the officers used excessive force maliciously and with intent to harm [his] person" (id. at 11). He sues the supervisors and officer Mark Aranda for "not properly investigating." (Id. at 4-5.)  He claims to have suffered "nerve damage throughout" his body and a left-wrist "ganglin cyst" as a result of the force used against him. (Id. at 10.)

**ANALYSIS**

The FAC clarifies that Plaintiff sues under the Fourth Amendment, as his excessive-force claims appear to arise out of his arrest.[2]  See Graham v. Connor, 490 U.S. 386, 395 (1989)

---

[2] Along with the Fourth Amendment, Plaintiff continues to identify the Eighth and 14th amendments as theories of excessive-force liability. (FAC at 6, 11.)  He should omit any such

3

(excessive-force claims arising from arrest properly brought under Fourth Amendment). Plaintiff still fails to put Defendants on fair notice of the charges against them, however, because he has not adequately alleged "specific facts showing what conduct by each Defendant he contends was unlawful and under which legal theory," or which "policy, custom, or practice of [the Fontana Police Department] caused the constitutional deprivations he claims to have suffered," as the Court instructed him to do. Additionally, Plaintiff's excessive-force claims may be foreclosed by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

**I.  The FAC Does Not Allege Defendants' Personal Participation**

"To sustain a § 1983 claim for individual liability, Plaintiff must establish the 'personal involvement' of each defendant in the alleged constitutional deprivation or a 'causal connection' between each defendant's wrongful conduct and the deprivation." Harbridge v. Schwarzenegger, No. CV 07-4486-GW(SH)., 2010 WL 2889522, at *19 (C.D. Cal. Feb. 9, 2010) (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)), accepted by 2010 WL 2889518 (C.D. Cal. July 20, 2010). Despite identifying as Defendants five police officers by name, Plaintiff's allegations contain no information about each Defendant's role in his arrest or how that role relates to his excessive-force claims. (See FAC at 8-11 (describing the incident without reference to any individual officer).) Nor does he say anything about Officer Aranda or how and why he failed to "properly investigate." Thus, the FAC does not "give the defendant[s] fair

---

citations in any amended complaint he files.

4

notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545, 555 (2007) (citation and alteration omitted); see also Benjamin v. Yates, No. CIV S-08-0995-WBS-CMK-P., 2008 WL 5120741, at *3 (E.D. Cal. Dec. 5, 2008) (dismissing plaintiff's civil-rights complaint because he "failed to set forth facts as to each individual defendant's causal role such as would give the defendants fair notice of the factual grounds upon which plaintiff's claim rests").

Plaintiff did, to some degree, match particular Defendants with specific conduct in his original Complaint. But he has dropped all such allegations from the FAC, even though the Court informed him that the FAC had to "be complete in and of itself, without reference to the original Complaint or any of its attachments." If Plaintiff chooses to file a second amended complaint, he must allege specifically what each Defendant did or did not do and how that Defendant's conduct violated his civil rights.

**II. The FAC Does Not State a Municipal-Liability Claim**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original). But a municipality or local-government entity may be held liable under § 1983 only for injuries arising from official policy or longstanding custom. Monell v. Dep't of Soc. Servs., 436 U.S.

658, 690-91, 694 (1978).

Plaintiff's suit against the individual and supervising officers in their official capacity is thus effectively a suit against the Fontana Police Department.[3] But nowhere in the FAC does Plaintiff identify any Fontana Police Department official policy or longstanding custom that caused his injuries, rendering his official-capacity claims against the individual officers, the supervising officers, and the Fontana Police Department insufficient as a matter of law. See id.; Hayes v. Voong, 709 F. App'x 494, 495 (9th Cir. 2018) ("The district court properly dismissed [plaintiff's] [] claims against defendants in their official capacities because [he] failed to identify . . . a policy or custom of the State that allegedly violated federal law."); Fortson v. L.A. City Attorney's Office, 852 F.3d 1190, 1192 (9th Cir.) ("[Plaintiff's] official-capacity claims against the Los Angeles Police Department also fail because [he] has not sufficiently . . . identified an official policy or custom that was the 'moving force' behind a potential constitutional violation."), cert. denied, 138 S. Ct. 69 (2017).

If Plaintiff desires to pursue a claim against the Fontana

---

[3] Plaintiff sues the unidentified "Supervising Officers" in their official capacity only. (FAC at 4.) Because "there is no respondeat superior liability under section 1983," Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), if he amends his operative complaint to sue them in their individual capacity, he must allege facts demonstrating that they "set in motion a series of acts that they knew or reasonably should have known would cause the officers to inflict a constitutional injury," Felarca v. Birgeneau, 891 F.3d 809, 820 (9th Cir. 2018) (citation and alteration omitted), or unconstitutionally ratified their behavior, see Trevino v. Gates, 99 F.3d 911, 920 (9th Cir. 1996).

6

Police Department or any of its officers in their official capacity, his amended complaint must identify the specific custom, policy, or longstanding practice that caused his constitutional rights to be violated.

**III. Plaintiff's Excessive-Force Claims May Be Heck-Barred**

In Heck, 512 U.S. at 486-87, the Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. See also Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) ("Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" (citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." Id. (quoting Heck, 512 U.S. at 487). "[A]n allegation of excessive force by a police officer would not be barred by Heck if it were distinct temporally or spatially from the factual basis for the person's conviction." Beets v. Cnty. of L.A., 669 F.3d 1038, 1042 (9th Cir. 2012).

It is unclear if the convictions on which Plaintiff is incarcerated relate to the November 9, 2018 arrest that is the subject of the FAC. Should Plaintiff elect to pursue his excessive-force claims, he should allege specific facts showing that the Heck doctrine does not foreclose them, including whether

he was convicted as a result of his November 9 arrest and, if so, on what charges; whether he is appealing any of those convictions; and whether he claims excessive force "distinct temporally or spatially from the factual basis" for any convictions arising from the November 9 arrest.

*********************

If Plaintiff desires to pursue any claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. He should not sue individual Defendants in their official capacity as a substitute for expressly naming in each applicable claim the entity he desires to hold liable. The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself, without reference to the original Complaint, the First Amended Complaint, or any of their attachments. **Plaintiff is warned that if he fails to timely file a sufficient FAC, the Court may dismiss this action on the grounds set forth above or for failure to diligently prosecute.**[4]

DATED: May 14, 2019

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[4] If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of the order. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015) ("When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge.").