1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONARD DAVID RODRIGUEZ, | ) Case No. EDCV 19-00187-AB (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING ACTION FOR<br>) FAILURE TO PROSECUTE AND FAILURE<br>) TO STATE A CLAIM |
| TAYLOR HART et al., | ) |
| Defendants. | ) |

On January 30, 2019, Plaintiff, who was then housed at the West Valley Detention Center in Rancho Cucamonga, filed a civil-rights action under 42 U.S.C. § 1983.[1]  He was subsequently granted leave to proceed in forma pauperis.  His claims arise from a November 2018 incident in which Fontana police officers allegedly used excessive force against him.

On February 19, 2019, after screening the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed it with leave

---

[1]   It is unclear whether Plaintiff was a pretrial detainee or postconviction inmate.  On April 24, 2019, he filed a change of address informing the Court that he is now an inmate at North Kern State Prison.

to amend because it failed to state any claim upon which relief could be granted. Plaintiff was ordered to file an amended pleading within 28 days if he wished to pursue his claims and was warned that failure to do so could result in dismissal of his lawsuit for the reasons stated in the dismissal order, for failure to diligently prosecute, or both.

Plaintiff filed the First Amended Complaint on March 18, 2019, and the Court again reviewed it under §§ 1915(e)(2) and 1915A. On May 14, 2019, the Court dismissed the FAC with leave to amend because Plaintiff still failed to state a claim. He was again warned that failure to timely file a sufficient second amended complaint could result in dismissal of his lawsuit.

On June 3, 2019, Plaintiff requested an extension of time to file his SAC, stating that he was "hiring counsel to represent" him but also asking that counsel be appointed. The Court denied the latter request but granted an extension. Plaintiff was ordered to file any SAC by June 25, 2019.

To date, Plaintiff has not filed a SAC or requested an extension of time to do so. Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file a second amended complaint. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as the Complaint and FAC fail to state a claim and should not be ordered served; as a result, the Court is unable to manage its docket. Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and for the reasons stated in the Magistrate Judge's

February 19 and May 14, 2019 orders.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 23, 2019

_____
ANDRÉ BIROTTE JR.
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge